# EXHIBIT A

**CT Corporation**

**Service of Process Transmittal**
01/26/2017
CT Log Number 530582927

| | |
|---|---|
| **TO:** | CA LegaLit<br>Bank of America<br>225 W Hillcrest Drive<br>Thousand Oaks, CA 91360 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Bank of America, National Association  (Domestic State: N/A) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAMES L. BARKER AND JEANNE A. BARKER, Pltfs. vs. BANK OF AMERICA, NA, et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint |
| **COURT/AGENCY:** | Park County - Sixth Judicial District Court, MT<br>Case # DV16184 |
| **NATURE OF ACTION:** | Wrongful Foreclosure |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/26/2017 at 14:48 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | KARL KNUCHEL<br>Karl Knuchel, P.C.<br>101 North E Street<br>P.O. Box 953<br>Livingston, MT 59047<br>406-222-0135 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/27/2017, Expected Purge Date: 02/01/2017<br><br>Image SOP<br><br>Email Notification,  CA LegaLit  calegalit@bankofamerica.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## MONTANA SIXTH JUDICIAL DISTRICT COURT, PART COUNTY

| | |
|---|---|
| JAMES L. BARKER AND JEANNE A. BARKER ) ) ) Plaintiffs, ) vs. ) ) BANK OF AMERICA, NA, ) ONEWEST BANK, ) CIT BANK, NA, ) FIRST AMERICAN TITLE COMPANY OF, ) MONTANA, INC., TRUSTEE ) CHARLES PETERSON, TRUSTEE, ) ) Defendants. ) ) | Cause No. DV 16-184 **SUMMONS** |

THE STATE OF MONTANA
SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT: **BANK OF AMERICA, NA**

    You are hereby summoned to answer the complaint in this action which is filed in the office of the clerk of this court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the plaintiffs or plaintiffs' attorney within twenty-one (21) days after the service of this summons, exclusive of the day of service; and in case of your failure to appear and answer, judgment will be taken against you by default for the relief demanded by the complaint, plus court costs.

    WITNESS my hand and seal of said court this ___ day of December, 2016.

JUNE LITTLE
CLERK

By SHELLY BREEDEN
Deputy Clerk

KARL KNUCHEL
Attorney for Plaintiffs
101 North E Street
P.O. Box 953
Livingston, MT 59047

Date Served: 1/26/17

Time Served: 248

DN

KARL KNUCHEL
Karl Knuchel, P.C.
101 North E Street
P.O. Box 953
Livingston, Montana 59047
Telephone: (406) 222-0135
Facsimile: (406) 222-8517
Email: karl@knuchelpc.com

*Attorney for PLAINTIFFS*

PARK COUNTY CLERK
OF DISTRICT COURT
JUNE LITTLE

2016 DEC 7 PM 12 59

FILED
BY Molly Bradberry
DEPUTY

MONTANA SIXTH JUDICIAL DISTRICT COURT, PARK COUNTY

| | |
|---|---|
| JAMES L. BARKER AND<br>JEANNE A. BARKER,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NA<br>ONEWEST BANK,<br>CIT BANK, NA,<br>FIRST AMERICAN TITLE COMPANY OF<br>MONTANA, INC., TRUSTEE,<br>CHARLES PETERSON, TRUSTEE<br><br>Defendants. | Case No.: DV 16-184<br><br>FIRST AMENDED COMPLAINT |

COMES NOW the Plaintiffs, and for their complaint against the defendants, allege as follows:

1. The Plaintiffs James L. Barker and Jeanne A. Barker ("the Barkers") are citizens of the State of Montana, and residents of Park County, Montana. The plaintiffs are the owners of real property described as: That part of the SW 1/4 of Section 36, Township 3 South, Range 9 East, of the Principal Montana Meridian, in Park County, Montana, described as "The Subject Tract" (includes the Mortgage Release Tract) of Certificate of Survey No. 590, on file in the

COMPLAINT FOR DAMAGES- 1

office of the Clerk and Recorder of Park County, under Document # 168694. Also described as: The "Subject Tract" (includes Mortgage Release Tract) of Certificate of Survey No. 590, being a portion of Sunset View of MT. Delano Estates, as per Certificate of Survey No. 191, located in Section 36, Township 3 South, Range 9 East, Park County, Montana, according to the official map or plat on file and of record in the office of the County Clerk and Recorder, Park County, Montana.

2. On or about October 11, 2000 the Barkers executed a trust indenture in which they, as Grantors, named First American Title Insurance Company as Trustee for the benefit of Bank of America, NA, the beneficiary under the trust indenture. The trust indenture secured a loan of $360,000. Said loan number is 873564855.

3. On or about March 10, 2010, defendant Bank of America, NA assigned its interest in the Trust Indenture executed by the Barkers to defendant OneWest Federal Bank, FSB. OneWest Federal Bank, FSB purchased IndyMac Bank, FSB and all of its assets. IndyMac is bankrupt and is controlled by Federal Deposit Insurance Corporate as its Receiver.

4. On or about November 01, 2013, defendant Bank of America, NA. assigned its servicing rights to Nationstar Mortgage.

5. On or about August 01, 2014, defendant Nationstar Mortgage assigned its servicing rights to defendant IndyMac Mortgage, a division of OneWest Federal Bank, FSB.

6. The Barkers were induced into taking out a loan by fraudulent and unethical misrepresentations of their mortgage broker. The Barkers fell behind on their loan payments in 2009 and Mr. Barker was mostly out of work from October 2005 through May 2009.

7. The original Beneficiary under the Trust Indenture was Bank of America, NA. Bank of America, NA assigned this interest to OneWest Federal Bank, FSB. Pursuant to Mont.

1. Code Ann. § 71-1-306(2) the Beneficiary has the sole statutory capacity to appoint a Successor Trustee. Neither Bank of America, NA, nor OneWest Federal Bank, FSB appointed Charles J. Peterson as a Successor Trustee.

8. In Fact, IndyMac Bank, FSB appointed Charles J. Peterson as Successor Trustee on October 12, 2010. However, there is no record that IndyMac Bank, FSB ever held a beneficial interest in the Trust Indenture as no such assignment was ever made.

9. On or around October 12, 2010 and November 10, 2010, Charles J. Peterson, without legal authority as Successor Trustee, filed two independent Notice of Trustee's Sales, seeking to wrongfully exercise the power of sale under the Trust Indenture. These attempted foreclosures were cancelled.

10. On October 18, 2012, OneWest appointed First American Title Company of Montana as Successor Trustee. On or around October 22, 2012 and January 3, 2013, First American Title Company of Montana filed two independent Notice of Trustee's Sales, seeking to exercise the power of sale under the Trust Indenture. These attempted foreclosures were cancelled.

11. Defendant First American Title Company of Montana wrongfully initiated foreclosure proceedings against the Barkers on July 20, 2016. First American Title Company of Montana, as Successor Trustee, filed a "Notice of Trustee's Sale" seeking to exercise the power of sale under the Trust Indenture. Sale is set for November 30, 2016, at 11:00 a.m. at the Front Entrance to the Park County Courthouse.

12. Throughout all this time, the Barkers have made every effort to save their home.

13. In approximately May of 2009 the Barkers began attempts to apply for the loan modification program established by President Obama by Executive Order requiring the Bank of

America, NA, and OneWest Federal Bank, FSB to implement. The first effort began with phone calls.

14. Despite nearly one hundred (100) phone calls and one hundred (100) emails, neither defendant engaged in meaningful discussions about modifying the loan.

15. The Barkers sent no fewer than four (4) letters with complete packets of requested documents to Bank of America, NA in an effort to justify entry into the loan modification program. They were never informed their loan had been sold or assigned to Defendant OneWest Federal Bank, FSB.

16. The Barkers attempts at communication were futile, and there were no meaningful responses to either their emails or phone calls.

17. Out of frustration, the Barkers engaged the assistance of Montana Senator John Tester and met with his staff who contacted Bank of America, NA's loan modification department. This precipitated a request for documents including the resubmittal of a packet of information that included a hardship letter, tax returns, budgets and other items that Bank of America determined was necessary to evaluate the Barker's entry into the loan modification program.

18. Despite repeated assurances that their information was under evaluation, at the end of a certain cycle, Bank of America, NA notified the Barkers the information they had sent was "out of date" and they had to resubmit "current" information./

19. On at least one occasion, Bank of America, NA rejected the Barker's modification application because the information sent in was "too small of print" and unreadable. These documents were generated by Bank of America, NA during the original loan process in 2000.

When resubmitted immediately in larger font, the Barkers were told the information was stale and had to be resubmitted with "current" information.

20. Subsequent to bank of America, NA's assignment of its beneficial interest to OneWest Federal Bank, FSB, the Barkers have continued to apply for loan modifications.

## Count I. Damages for Wrongful Exercise of Power of Sale and Attempted Wrongful Exercise of Power of Sale

21. The Barkers reallege and reincorporate the foregoing allegations of their complaint as if restated in full. The foregoing acts constitute one or more acts of wrongful Exercise of Power of Sale or Attempted Exercise of Power of Sale, which sale was prevented from concluding only by initiation of this action and which acts have damaged the Barkers.

## Count II. Fraud

22. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. Charles J. Peterson's material representations alleged above were knowingly false and were made to the plaintiffs with the intent that the representations should be relied upon by the plaintiffs and by third parties, all to the plaintiffs' detriment. The plaintiffs did not know that Charles J. Peterson's representations were false and relied upon the defendants representations, and were forced to defend against third parties likely reliance on Charles J. Peterson's false representations that it had legal authority to cause the exercise of the power of sale under the trust indenture, and other matters alleged herein. Consequent and proximate injury was caused by the plaintiffs' reliance on the defendants representations, and third parties likely reliance on the defendants' false representations in that the plaintiffs have suffered money damages.

### Count III. Violation of the FDCPA

23. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. Defendant's actions constitute violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. Seq., including without limitation §§ 807, 808 & 809 of said Act.

### Count IV. Additional Acts of Wrongful Exercise of Power of Sale.

24. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full.

### Count V. Negligence

25. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. Defendants wrongfully attempted to exercise power of sale on numerous occasions. Defendants Charles J. Peterson was not properly substituted as trustee as required by the provisions of the Montana Small tract Financing Act on any of those occasions. Defendant was under a duty to follow the requirements of the law and breached that duty by attempting to exercise the power of sale without valid substitution of Trustee, and attempting to obtain a judgment of foreclosure without having a claim of foreclosure. Their negligent failure to follow the requirements of the law and wrongful attempts to exercise the power of sale and attempt to wrongfully foreclose have caused the Barkers damages.

### Count VI. Violation of the Unfair Trade Practices Act

26. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. Defendants' actions constitute violations of the Montana Unfair

Trade Practices Act, Mont. Code Ann. § 31-14-101 et. seq., by employing unfair and deceptive acts and practices in the conduct of trade or commerce.

### Count VII. Constructive Fraud.

27. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. 's actions constitute Constructive Fraud. Constructive Fraud, unlike fraud, does not require the showing of an intent to deceive. See *Hartfield v. city of Billings*, 1990, 246 Mont. 259, 804 P.2d 1293. Further, the indispensible element of constructive fraud is a breach of the duty to disclose material facts. *Menz v. Dykstra*, 1981, 195 Mont. 440, 637 P.2d 502. Charles J. Peterson and OneWest Federal Bank, FSB committed constructive fraud by, among other things, concealing and misrepresenting material facts regarding the note and the trust indenture as alleged herein.

### Count VIII. Negligent Misrepresentation

28. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. Negligent misrepresentation requires a showing of a failure to use reasonable care or competence in communicating or obtaining information for the guidance of others in their transactions. *Barrett v. Holland & Hart*, 1992, 256 Mont. 101, 845 P.2d 714. Based upon the allegations herein Charles J. Peterson and OneWest Federal Bank, FSB is also liable for negligent misrepresentation.

### Count IX. Deceit under Mont. Code Ann. § 27-1-712.

29. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. One is liable for deceit if one willfully deceives another with intent to induce him to alter his position to his injury or risk. Deceit is defined as, among other

things, the assertion of a fact which is not true by one who has no reasonable ground for believing it to be true. See Mont. Code Ann. § 27-1-712. The foregoing allegations constitute acts of deceit by Charles J. Peterson and OneWest Federal Bank.

### Count X. Declaratory Judgment

30. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. An actual controversy therefore exists between the parties as to the status of their rights and legal relations under the trust indenture, making the issues between the parties ripe for resolution by declaratory judgment.

### Count XI. Injunction

31. The Barkers reallege and reincorporate the foregoing paragraphs of their complaint as if restated in full. Currently there is a pending foreclosure and we ask this court for injunctive relief, and, in the alternative, to convert the pending foreclosure to a judicial foreclosure.

WHEREFORE the plaintiffs request the Court:

A. Award damages for wrongful foreclosure;

B. Award damages for fraud;

C. Award damages for negligence;

D. Award damages for violation of the FDCPA;

E. Award damages for violation of the MUTPCA, Constructive Fraud, Negligent misrepresentation and Deceit;

F. Issue declaratory judgment and injunction as requested herein;

G. Award plaintiff costs and attorney's fees; and

H. Grant such other and further relief as the Court deems appropriate.

KARL KNUCHEL, P.C.
*Attorneys for PLAINTIFF*

_____
Karl Knuchel, Attorney

## VERIFICATION

STATE OF MONTANA         )
                         :ss.
COUNTY OF PARK           )

James L. Barker, being first duly sworn, upon his oath, deposes and says:

That I am a Plaintiff in the above-captioned lawsuit and I have read the foregoing *Complaint* and know the contents thereof. The facts and matters contained therein are true, accurate, and complete to the best of my knowledge and belief.

_____
James L. Barker

SUBSCRIBED AND SWORN TO by _James Barker_ before me this 2nd day of December, 2016.

By: _Orlina Hunsaker_
Notary for the State of Montana
Residing at Livingston, Park County, Montana
My commission expires: 12-31-2017

ORLINA HUNSAKER
NOTARY PUBLIC for the
State of Montana
Residing at Livingston, Montana
My Commission Expires
December 31, 2017

STATE OF MONTANA         )
                         :ss.
COUNTY OF PARK           )

Jeanne A. Barker, being first duly sworn, upon her oath, deposes and says:

That I am a Plaintiff in the above-captioned lawsuit and I have read the foregoing *Complaint* and know the contents thereof. The facts and matters contained therein are true, accurate, and complete to the best of my knowledge and belief.

_____
Jeanne A. Barker

SUBSCRIBED AND SWORN TO by  Jeanne Barker  before me this 2nd day of December, 2016.



By: _____
Notary for the State of Montana
Residing at Livingston, Park County, Montana
My commission expires: 12-31-2017

COMPLAINT FOR DAMAGES- 10