Mark D. Etchart
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 North Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT  59624
(406) 443-6820
(406) 443-6883 (facsimile)
mark@bkbh.com

Attorneys for Defendant Bank of America, N.A.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| JAMES L. BARKER, and JEANNE A. BARKER,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., ONEWEST BANK, CIT BANK, N.A., FIRST AMERICAN TITLE COMPANY OF MONTANA, INC., Trustee, CHARLES PETERSON, Trustee<br><br>Defendants. | Case No. 1:17-cv-00021-SPW-TJC<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS** |

Defendant Bank of America, NA ("BANA") by and through its counsel of record, hereby submit this Memorandum in Support of its Motion to Dismiss the First Amended Complaint ("Complaint") filed by Plaintiffs James L. Barker and Jeanne A. Barker ("Plaintiffs").

## INTRODUCTION

This lawsuit arises out of Plaintiffs' default on a year 2000 mortgage loan secured by the property located at 42 Mount Delano Road, Livingston, Park County, Montana (the "Property"). Plaintiffs make a number of vague, undifferentiated allegations against 'the defendants' arising from a planned foreclosure of the Property on November 30, 2016 and prior "attempts" to foreclose. These allegations assert that defendants (i) wrongfully attempted to exercise the power of sale, (ii) fraudulently misrepresented the defendant Charles Peterson's authority to sell the property as successor trustee, (iii) violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., (iv) engaged in negligence in the improper appointment of defendant Peterson as successor trustee and (v) violated Montana's Unfair Trade Practices Act, MCA § 30-14-101 et seq.[1]

As Plaintiffs' Complaint makes abundantly clear, BANA's interest in the Property was transferred to another defendant six years ago and BANA ceased acting as loan servicer more than three years ago. Consequently, Plaintiffs' claims against BANA are time-barred and otherwise fail as a matter of law. Because Plaintiffs' causes of action do not state a valid claim upon which relief can be

---

[1] Plaintiffs acknowledge that Counts VII, VIII and IX of the Complaint are not directed at BANA. (ECF #1-1, Compl. ¶¶ 27-29.)

granted, BANA hereby moves to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL BACKGROUND[2]

On October 11, 2000, Plaintiffs executed a Trust Indenture in connection with a $360,000 loan (the "Loan") in which they named First American Title Insurance Company of Montana ("First American") as Trustee for the benefit of BANA, the beneficiary. (ECF # 1-1, Compl. ¶ 2.) On March 10, 2010, however, BANA assigned its interest in the Trust Indenture to defendant OneWest Federal Bank, FSB ("OneWest"). (ECF # 1, Compl. ¶ 3.) Thereafter, OneWest was the beneficiary under the Loan. It appears that BANA continued to act as the loan servicer but, on or about November 1, 2013, BANA transferred its servicing rights to non-party "Nationstar Mortgage." (ECF # 1-1, Compl. ¶ 4.) BANA had no further involvement with the Loan.

Plaintiffs fell behind on their Loan payments in 2009. (ECF # 1-1, Compl. ¶ 6.) On October 12, 2010, IndyMac Bank, FSB appointed defendant Charles Peterson Successor Trustee despite the absence of any record that IndyMac Bank, FSB held the beneficial interest in the trust indenture. (ECF # 1-1, Compl. ¶ 8.) Defendant Peterson filed one or more Notices of Trustee's Sale but did not conduct a foreclosure sale. (ECF # 1-1, Compl. ¶ 9.) On October 18, 2012, OneWest

---

[2] Certain facts in this section are taken from the Complaint and are accepted as true only for purposes of Defendant's Motion to Dismiss.

1748664/4767.050

appointed and/or re-appointed First American as Successor Trustee.  (ECF # 1-1, Compl. ¶ 10.)  On July 20, 2016, First American initiated foreclosure proceedings against Plaintiffs.  (ECF # 1-1, Compl. ¶ 11.)  First American scheduled a foreclosure sale for November 30, 2016.  (ECF #1-1, Compl. ¶ 11.)  It is unclear from the Complaint whether the Property was sold on that date.

Beginning in 2009, Plaintiffs began communicating with BANA concerning a possible loan modification.  (ECF #1-1, Compl. ¶ 13.)  Plaintiffs participated in numerous telephone calls with and wrote numerous emails to BANA during this process.  (ECF # 1-1, Compl. ¶ 14.)   BANA did not, however, offer or agree to modify the Loan and Plaintiffs became frustrated.  (ECF # 1-1, Compl. ¶¶ 15-19.)  After BANA departed as the loan servicer, Plaintiffs continued communicating with OneWest about a possible loan modification without any apparent success.  (ECF # 1-1, Compl. ¶ 20.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint for failing "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b(6).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to

plead essential facts to support that theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Time-barred claims and remedies are also properly disposed of on a motion to dismiss. *King v. Cal.*, 784 F.2d 910, 913-915 (9th Cir. 1986). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct, 1937, 1950 (May 18, 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1748664/4767.050

Under *Twombly* and *Iqbal*, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. Simply concluding that a defendant harmed a plaintiff fails to meet minimum pleading standards. *See Iqbal*, 129 S. Ct. at 1949. A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). This plausibility test requires the court to draw on judicial experience and common sense in reviewing the allegations in the complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). In *Levitt*, the Ninth Circuit summarized the test:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* (citations omitted).

## ARGUMENT

I. **TO THE EXTENT ANY CAUSE OF ACTION IS DIRECTED AT BANA, THOSE CAUSES OF ACTION ARE TIME-BARRED.**

As discussed below, the Complaint mostly fails to identify any reason for BANA's inclusion in this matter. It is equally true, however, that any claims

Plaintiffs attempt to assert against BANA are time-barred.  Specifically, to the extent alleged against BANA, Plaintiff's claims for wrongful exercise of the power of sale, fraud, violation of the FDCPA, negligence, and unfair trade practices all fall outside the relevant limitations period.

Montana courts have not expressly identified a limitations period for "wrongful exercise of power of sale," however, to the extent Plaintiffs consider the claim one for tortious breach of contract, it would be subject to a three-year limitations period.  *See Tin Cup Cnty. Water &/or Sewer Dist. v. Garden City Plumbing & Heating, Inc.*, 200 P.3d 60, 66 (Mont. 2008).  Claims for deceit or fraud are subject to a two year period of limitations.  MCA § 27-2-203; *see also* MCA § 27-2-102(2)(a), "[a] claim or cause of action accrues when all the elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action.")  A claim alleging FDCPA violations must be brought within one year of the violation.  15 U.S.C. § 1692k(d).   Claims for personal injuries arising from negligence must be brought within three years.  MCA § 27-2-204(1); *Cechovic v. Hardin & Associates, Inc.*, 273 Mont. 104, 119, 902 P.2d 520, 529 (1995).  Further, claims brought under Montana's Unfair Trade Practices Act are subject to a two-year limitation period as set forth in § 27-2-211, MCA.  *Osterman v. Sears, Roebuck & Co.*, 318 Mont. 342, 349, 80 P.3d 435, 441 (2003).

Thus, the longest applicable limitations period for any of Plaintiffs' causes of actions is three years.

Plaintiff filed this suit on December 7, 2016. Significantly, BANA has had no involvement with the Loan since November 1, 2013 when the loan servicing rights were transferred to Nationstar Mortgage. (ECF # 1-1, Compl. ¶ 4.) Thus, irrespective of whether Plaintiffs see BANA as liable for foreclosure activity or loan modification activity, it is inarguable that Plaintiffs' claims against BANA are time-barred. Therefore, all claims against BANA should be dismissed with prejudice.

## IV. PLAINTIFF'S CLAIMS AGAINST BANA WOULD FAIL AS A MATTER OF LAW FOR MYRIAD REASONS EVEN IF THEY WERE TIMELY.

### A. BANA Did Not Foreclose on the Property and is Not Liable for Wrongful Exercise of the Power of Sale (Counts I and IV).

The Montana Supreme Court has never recognized a claim for "wrongful exercise of the power of sale," let alone an "attempt" to wrongfully exercise that power. Consequently, it is doubtful such a cause of action exists. Assuming arguendo that Montana law countenances such a claim, however, Plaintiffs have not shown any reason BANA would be liable to them for damages. Even if a sale occurred on November 30, 2016, BANA was not involved. As a result, BANA cannot be liable for any current exercise of the power of sale. Moreover, BANA did not appoint Mr. Peterson as the Successor Trustee and is not responsible for

how Mr. Peterson allegedly conducted himself, which plainly did not result in a foreclosure sale. BANA has no current interest in this Loan having transferred its rights under the Trust Indenture in 2010 and transferred its servicing rights to the Loan in 2013. (ECF # 1-1, Compl. ¶¶ 3 & 4.) On these facts, there is no possible basis for Plaintiffs to seek damages from BANA.

### B. Plaintiff Does Not Plead Fraud with Particularity (Count II).

Plaintiffs also fail to meet the heightened pleading standards required for alleging fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Failure to do so is a sufficient ground for a motion to dismiss. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, a plaintiff who claims fraud "must state with particularity the circumstances constituting fraud" – including "the who, what, where, when and how" of the fraud. *Vess,* 317 F.3d at 1106-07. Moreover, where multiple defendants are sued, the plaintiff must "inform each defendant separately of the allegations surrounding his alleged participation in the

fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together….").

Plaintiffs' Complaint makes no effort to comply with this standard in Count II. Plaintiffs allege that Charles Peterson made "material representations" that he had legal authority to exercise the power of sale but fail to allege precisely what was communicated, where it was communicated or when. (ECF # 1-1, Compl. ¶ 22.) Moreover, Plaintiffs do not allege that BANA made misrepresentations to them or even any basis for naming BANA in this claim. Further, although Plaintiffs contend that they and some unspecified "third-party" relied to their detriment on Mr. Peterson's representations, Plaintiffs fail to provide any plausible support for this assertion. Accordingly, Plaintiffs' allegations of fraud are not pled with the requisite specificity and should be dismissed.

### C. Plaintiffs Fail to Plead that BANA is Covered by the FDCPA or Any Violation of the FDCPA.

The FDCPA is inapplicable to BANA because BANA is not a debt collector. To allege a claim under the FDCPA, a plaintiff must establish that: (1) the plaintiff constitutes a consumer; (2) who was the object of a collection activity arising from a debt; (3) the defendant constitutes a debt collector; and (4) the defendant violated a provision of the FDCPA. *Wittman v. CB1, Inc.*, No. CV 15-105-BLG-BMM, 2016 WL 3093427, at *2 (D. Mont. June 1, 2016). Consequently, the FDCPA is applicable only to "debt collector[s]," which are defined as "any person who uses

any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  Generally, the FDCPA is inapplicable to the originating lender.  15 U.S.C. § 1692a(6)(F)(ii) (exempting originator of debt from definition of debt collector); *see also* 15 U.S.C. § 1692a(4) (defining creditor as opposed to debt collector).

     Plaintiffs do not allege that BANA is a debt collector or any facts supporting the conclusion that BANA is a debt collector.  Rather, Plaintiffs acknowledge that BANA was the original beneficiary under the Trust Indenture and, therefore, the party that extended credit to Plaintiffs.  Because BANA originated the loan, it is not a "debt collector" under the FDCPA.  § 1692a(6)(F)(ii).  What is more, "courts have consistently held that the FDCPA does not apply to, among others, mortgage servicing companies, or assignees of the mortgage debt, if the debt was not in default at the time the debt was obtained." *Klohs v. Wells Fargo Bank, N.A.,* 901 F. Supp. 2d 1253, 1258 (D. Haw. 2012).  Consequently, BANA is not a "debt collector" even though it may have acted as the mortgage servicer as it served as servicer for nine years before the alleged default.  Lastly, Plaintiffs do not allege and cannot prove that BANA's principal business is debt collection, which is also strictly required to state a claim.  15 U.S.C. § 1692a(6); *Schlegel v. Wells Fargo*

*Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (dismissing complaint for failure to plausibly allege debt collection.

It is also the case that the Complaint fails to allege how BANA violated the FDCPA. Plaintiffs assert only that "Defendants' actions constitute violations," which fails to make out a plausible basis for relief. (ECF # 1-1, Compl., § 23.) Consequently, Plaintiffs' claim fails as to BANA for multiple reasons and must be dismissed.

### D. Plaintiffs Fail to Plead Sufficient Facts to Support a Negligence Claim.

In Count V, Plaintiffs allege that Mr. Peterson owed them a duty to follow the Montana Small Tract Financing Act and breached that duty by attempting to exercise the power of sale without a valid substitution of trustee and by "attempting to obtain a valid judgment of foreclosure." (ECF # 1-1, Compl. ¶ 25.)

To properly plead negligence in Montana, a complaint must assert that "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was the actual and proximate cause of an injury to the plaintiff, and (4) damages resulted." *Not Afraid v. State*, 2015 MT 330, ¶13 (Mont. 2015) citing *Peterson v. Eichhorn*, 2008 MT 250, ¶ 23, 344 Mont. 540, 189 P.3d 615. "The existence of a duty is a question of law for determination by the court." *Morrow v. Bank of Am., N.A.*, 375 Mont. 38, 45 (Mont. 2014). "Absent a duty, breach of duty

cannot be established and a negligence action cannot be maintained." *Sikorski v. Johnson*, 2006 MT 228, ¶13 (Mont. 2006) (citation omitted).

"The relationship between a [lender] and its customer is generally described as that of a debtor and creditor and as such does not give rise to fiduciary responsibilities." *Morrow*, at 34. Although a lender can, *conceivably*, owe a duty if it "goes beyond the ordinary role of a lender of money and actively advises customers in the conduct of their affairs," Montana law is clear that no such duty exists "[i]f the borrower has not been advised by the bank or has not relied on that advice." *Id*. *See also Coles Dept. Store v. First Bank, N.A.*, 240 Mont. 226, 229-230 (Mont. 1989) (a bank owes a fiduciary duty only when it gives advice "other than that common in the usual arms-length debtor/creditor relationship"); *Deschaine v. IndyMac Mortgage Servs.*, 617 App'x 690, 693 (9th Cir. 2015) (affirming the dismissal of a negligence claim on grounds that a lender "did not have a common law duty of care to offer, consider, or approve a loan modification, … because a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.").

As a preliminary matter, Plaintiffs fail to show any reason that BANA would be liable for any alleged violation of the Small Tract Financing Act by Mr. Peterson. In any event, Plaintiffs also fail to allege sufficient facts to establish that

BANA owed them a duty of care with respect to either foreclosure or their loan modification applications.  *Id*.  Simply put, this matter falls under the ambit of the general rule that lenders do not owe borrowers a general duty of care.  Plaintiffs also fail to provide any facts showing that they sustained damages or in what form.  It is clearly incumbent on Plaintiffs to allege how they were damaged by BANA when no foreclosure occurred during BANA's involvement with the Loan.  Therefore, Count V also fails on the merits.  For the foregoing reasons, Count V should be dismissed.

> **D.**   **Plaintiffs Fail to Allege Unfair Trade Practices Against BANA (Count VI).**

Plaintiffs' claim under the Unfair Trade Practices Act is comprised of one sentence concluding that all "Defendants'" violated the act.  (ECF # 1-1, Compl. ¶ 26.)  The Complaint provides no specifics for this conclusion and makes no attempt to identify any Defendants' role in this alleged violation.  Moreover, the Complaint completely fails to allege any facts showing that any defendant engaged in any conduct that was "immoral, unethical, oppressive, unscrupulous or substantially injurious."  *Rohrer v. Knudson*, 2009 MT 35, ¶ 31, 349 Mont. 197, 205, 203 P.3d 759, 764.  Therefore, Count VI plainly fails to provide a plausible basis for relief as required by *Iqbal*'s governing holding on the requirements of Rule 8.

Moreover, on its face, MCA § 30-14-133 requires a plaintiff to show an "ascertainable loss of money or property" as a result of the defendant's conduct. Even if Plaintiffs could allege the requisite conduct, Plaintiffs have not and cannot allege that they lost money or property as a result of BANA's conduct. As a result, Count VI must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, BANA respectfully requests that this Court grant its Motion to Dismiss and dismiss the claims against it with prejudice.

DATED this 23rd day of February, 2017.

>BROWNING, KALECZYC, BERRY & HOVEN, P.C.
>
>By /s/ *Mark D. Etchart*
>      Mark D. Etchart
>
>Attorneys for Defendant Bank of America, N.A.

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that the foregoing ***MEMORANDUM IN SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS***, is double spaced, is a proportionately spaced 14 point typeface, and contains 3,315 words.

    /s/ *Mark D. Etchart*
BROWNING, KALECZYC, BERRY & HOVEN, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2017, a true copy of the foregoing was served:

Via ECF to the following parties:

Karl Knuchel
Karl Knuchel, P.C.
PO BOX 953
Livingston, MT 59047

      /s/ *Mark D. Etchart*
BROWNING, KALECZYC, BERRY & HOVEN, P.C.