IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES L. BARKER, JEANNE A. BARKER,<br><br>Plaintiffs,<br><br>vs.<br><br>ONEWEST BANK, CIT BANK, N.A., FIRST AMERICAN TITLE COMPANY OF MONTANA, INC., Trustee, CHARLES PETERSON, Trustee,<br><br>Defendants. | CV 17-21-BLG-SPW-TJC<br>Consolidated with<br>CV 17-55-BLG-SPW-TJC<br><br>**ORDER GRANTING DEFENDANT CIT BANK, N.A.'S UNOPPOSED MOTION TO CONSOLIDATE** |

Defendant CIT Bank, N.A. ("CIT") has filed an Unopposed Motion to Consolidate Case No. 1:17-cv-00021 with Case No. 1:17-cv-00055. (Doc. 17.) CIT seeks to consolidate these two cases and Plaintiffs do not object.

Federal Rule of Civil Procedure 42(a) provides:

**Consolidation**. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a) (2007).

Consolidation of actions provides "a valuable and important tool of judicial administration ... [that] helps relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13, 15 (D. D.C. 2007) (citations omitted). To determine whether consolidation is appropriate, a court should "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Id.* Generally, consolidation may be appropriate if there are common questions of law or fact. Cases that involve the same parties are also apt candidates for consolidation. *Id.* "Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Id.*

Here, Case No. 1:17-cv-00021 and Case No. 1:17-cv-00055 involve the same parties. The actions arise from a dispute over a trust indenture executed by the Plaintiffs. Both cases involve assignments of the trust indenture, assignments of servicing rights, appointment of successor trustee under the trust indenture, notices of trustee's sales under the trust indenture, and an attempt by Plaintiffs to modify the loan. Plaintiffs filed the exact same pleading in both cases, with the only difference being that the pleading is a complaint in Case No. 1:17-cv-00021 and an exhibit to a motion for injunctive relief in Case No. 1:17-cv-00055. As a result, resolution of both cases involves the same issues of fact and law. Therefore,

the Court finds consolidation will save time and effort and will not result in inconvenience, delay, or expense to any party. Further, Plaintiff's do not oppose consolidation, and it is not readily apparent that any party would suffer unfair prejudice were the Court to consolidate the actions. Thus, the Court deems consolidation of Case No. 1:17-cv-00021 and Case No. 1:17-cv-00055 appropriate.

Accordingly, **IT IS ORDERED** that Defendant CIT's Unopposed Motion to Consolidate is **GRANTED**. Case No. 1:17-cv-00021 is hereby consolidated with Case No. 1:17-cv-00055 for all purposes. Case No. 1:17-cv-00021 shall be the lead case and all pleadings shall be docketed to this case until further notice of the Court. Counsel for CIT shall file a notice of this Order in Case No. 1:17-cv-00055.

**IT IS ORDERED**.

DATED this 6th day of June, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge