IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES L. BARKER, JEANNE A. BARKER, <br><br>               Plaintiffs, <br><br>vs. <br><br>BANK OF AMERICA, N.A., ONEWEST BANK, CIT BANK, N.A., FIRST AMERICAN TITLE COMPANY OF MONTANA, INC., Trustee, and CHARLES PETERSON, Trustee, <br><br>               Defendants. | CV 17-21-BLG-SPW-TJC <br><br><br>**FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS ONEWEST BANK AND CIT BANK N.A.'S MOTION TO DISMISS** |

Plaintiffs James L. Barker and Jeanne A. Barker ("Plaintiffs") bring this action against Bank of America,[1] OneWest Bank and CIT Bank, N.A., (collectively "CIT"[2]), First American Title Company of Montana, Inc., Trustee, and Charles Peterson, Trustee,[3] arising from an attempted foreclosure and loan

---

[1] On March 23, 2017, Bank of America, N.A., was dismissed with prejudice upon the parties' joint stipulation. (Doc. 10.)

[2] The First Amended Complaint names OneWest Bank and CIT Bank, N.A. as a separate defendants. However, they are not separate entities. In August 2015, CIT Bank merged with One West Bank, N.A., and was renamed CIT Bank, N.A. (Doc. 15; Doc. 19 at 2, n.1.) To avoid confusion, CIT Bank, N.A. and OneWest Bank will be collectively referred to as "CIT."

[3] On December 5, 2017, Charles Peterson was dismissed with prejudice upon the parties' joint stipulation. (Doc. 23.)

modification.  Plaintiffs allege claims for wrongful exercise of the power of sale, fraud, violation of the Fair Debt Collection Practices Act, negligence, violation of the Montana Unfair Trade Practices Act, constructive fraud, negligent misrepresentation, and deceit.  Plaintiffs also request declaratory and injunctive relief.[4]   (Doc. 8.)

Presently before the Court is CIT's Motion to Dismiss, which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B).  (Doc. 11.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 12, 16, 19).

Having considered the parties' submissions, the Court **RECOMMENDS** CIT's Motion to Dismiss be **GRANTED**.

I.      BACKGROUND

Plaintiffs are the owners of real property located in Park County, Montana. (Doc. 8 at ¶ 1.)  On October 11, 2000, Plaintiffs executed a Trust Indenture, securing a $360,000 loan, in which they named First American Title Insurance

---

[4] It is unclear which Defendant(s) Plaintiff intends to name in each count.  Some counts refer to "Defendants" collectively, and other counts name only one defendant but still refer to "Defendants" in the plural form.  (*See e.g.* Doc. 8 at ¶ 25 ("Defendants Charles J. Peterson").)  For the purposes of this Findings and Recommendation, the Court will assume that CIT is alleged to be liable for each claim in the Complaint.

Company of Montana ("First American") as Trustee for the benefit of Bank of America, NA.  (Doc. 8 at ¶ 2.)  Bank of America assigned its interest in the Trust Indenture to OneWest Federal Bank, FSB ("OneWest") in March 2010, and it transferred its servicing rights to Nationstar Mortgage in November 2013.  (*Id.* at ¶¶ 3-4.)  In August 2014, Nationstar Mortgage assigned its servicing rights to IndyMac Mortgage, a division of One West.  (*Id.* at ¶ 5.)

In 2009, Plaintiffs fell behind on their loan payments.  (Doc. 8 at ¶ 6.)  On October 12, 2010, IndyMac Bank, FSB appointed Defendant Charles Peterson ("Peterson") as Successor Trustee, even though, as plaintiffs allege, there is no record IndyMac Bank, FSB held a beneficial interest in the Trust Indenture.  (*Id.* at ¶ 8.)  On October 12, 2010 and November 10, 2010, Peterson filed two independent Notices of Trustee's Sales, which were later cancelled.  (*Id.* at ¶ 9.)

On October 18, 2012, OneWest appointed First American Title Company of Montana ("First American") as Successor Trustee.  (*Id.* at ¶ 10.)  On October 22, 2012 and January 3, 2013, First American filed a two independent Notices of Trustee's Sale, which were later cancelled.  (*Id.*)

On July 20, 2016, First American initiated foreclosure proceedings.  (Doc. 8 at ¶ 11.)  The foreclosure sale was scheduled for November 30, 2016 in Park

County.  (*Id.* at ¶ 11.)  On April 4, 2017, the Park County District Court enjoined the foreclosure.[5]  (Doc. 12-2 at 24.)

Plaintiffs allege that beginning in 2009, they initiated communications with Bank of American concerning a possible loan modification.  (Doc. 8 at ¶ 13.)  Plaintiffs were frustrated with the process and their communications with Bank of America.  (*Id.* at ¶¶ 13-19.)  After Bank of America transferred its beneficiary interest, Plaintiffs communicated with OneWest about a possible loan modification.  (*Id.* at ¶ 20.)  One West granted Plaintiffs a loan modification, and the signed loan modification agreement was recorded on October 22, 2015 with the Park County Clerk and Recorder.[6]  (Doc. 12-1.)

/ / /

/ / /

---

[5] The Court takes judicial notice of the Park County District Court's order enjoining the foreclosure sale.  *Duckett v. Godinez,* 67 F.3d 734, 741 (9th Cir. 1995) (stating the Court "may take judicial notice of proceedings in other courts, whether in the federal or state systems").

[6] As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, the Court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions.  *Branch v. Tunnell*, 14 F.3d 449, 453-454 (9th Cir. 1994).  Here, Plaintiffs refer to their loan modification applications throughout the First Amended Complaint and rely on them for their various causes of action.  In addition, there is no serious question as to the authenticity of the loan modification agreement as it was signed, notarized and recorded.

## II.   ANALYSIS

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).   The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint.   *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

CIT argues Plaintiffs' claim for wrongful exercise of power of sale is not a cognizable legal theory in Montana.   CIT also contends that Plaintiffs have failed

to allege sufficient facts to support any of their other claims.  Therefore, CIT argues all claims against it should be dismissed with prejudice.

Plaintiffs counter that CIT has wrongfully attempted to foreclose their property, engaged in fraud and deceit, made misrepresentations, and engaged in unfair trade practices.  The Plaintiffs further maintain that the allegations of their complaint are sufficient to state a claim for each cause of action set forth in their First Amended Complaint, and CIT's motion to dismiss should be denied.

### A.    Counts I & IV—Wrongful Exercise of Power of Sale and Attempted Wrongful Exercise Power of Sale & Additional Acts of Wrong Exercise of Power of Sale

CIT argues that "wrongful exercise of power of sale," and the attempt of the same, are not cognizable claims in Montana.  CIT further argues that even if the claims are recognized, Plaintiffs failed to plead sufficient facts that would entitle them to relief.

It does not appear that a cause of action for "wrongful exercise of power of sale" exists under Montana law.  The Court has found very limited recognition for such a cause of action, and none under Montana law.  *See e.g. Strutt v. Ontario Sav. & Loan Assn.*, 28 Cal.App.3d 866, 869 (Cal. Ct. App. 1972) (wrongful exercise of a private power of sale is actionable under Cal. Civ. Code § 2924.); *Brown v. Freedman*, 222 Ga.App. 213, 214 (Ga. Ct. App. 1996) ("A claim for

6

wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose.").

Because Plaintiffs have failed to cite any authority that "wrongful exercise of power of sale" is recognized under Montana law – and it appears that Montana has not recognized such a cause of action – Counts I and IV should be dismissed.

Nevertheless, even assuming a claim for "wrongful exercise of power of sale" is cognizable under Montana law, Plaintiffs have failed to plead anything more than conclusory statements in support of such a claim.  Plaintiffs allege Defendants caused multiple Notices of Trustee's Sales to be filed and foreclosure proceedings scheduled, which were later cancelled.  (Doc. 8 at ¶¶ 9-11.)  Plaintiffs conclude Defendants' acts "constitute one or more acts of Wrongful Exercise of Power of Sale or Attempted Exercise of Power of Sale."  (*Id.* at ¶ 21.)  But Plaintiffs failed to allege any facts that would show how the Notice of Trustee's Sales were wrongful, or how Plaintiffs were damaged.  Plaintiffs' bare conclusions that Defendants' actions were wrongful are insufficient.  *Iqbal*, 556 U.S. at 678 (stating a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient under Rule 8).

In addition, in Count IV, Plaintiffs provide no factual basis for the claim entitled "Additional Acts of Wrongful Exercise of Power of Sale."  Plaintiffs merely state "[Plaintiffs] reallege and reincorporate the foregoing paragraphs of

their complaint as if restated in full." (Doc. 8 at ¶ 24.) Even if such a claim existed, it is insufficient to assert a cause of action for "additional acts" without providing any additional facts or allegations upon which the claim is based.

Accordingly, the Court recommends that Counts I and IV be dismissed for failure to state a claim.

## B.   Counts II & VII—Fraud & Constructive Fraud

CIT contends Plaintiffs failed to meet the heightened pleading standards required for alleging fraud.

Fraud must be plead with particularity. Federal Rule of Civil Procedure 9(b) provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[T]he circumstances constituting the alleged fraud must 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). To satisfy the requirements of Rule 9(b), a plaintiff who claims fraud must state the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). "[A]

8

plaintiff must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false."  *Id.* (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)) (emphasis in original).  When multiple defendants are named, the plaintiff must "inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together . . . .").

Federal courts looks to state law to see whether the elements of fraud have been pled sufficiently.  *Kearns*, 567 F.3d at 1126.  A party must plead the following nine elements with particularity in order to properly state a fraud claim in Montana:

> (1) a representation; (2) falsity of representation; (3) materiality of that representation; (4) speaker's knowledge of falsity of representation or ignorance of its truth; (5) the speaker's intent that it should be relied on; (6) the hearer is ignorant of the falsity of the representation; (7) the hearer relies on the representation; (8) the hearer has a right to rely on the representation; and, (9) consequent and proximate injury was caused by reliance on the representation.

*First Nat'l Bank in Havre v. Nelson*, 741 P.2d 420, 421 (Mont. 1987).

Here, Plaintiffs have not alleged fraud with sufficient particularity.  First, it is not clear which Defendants the fraud claim is asserted against.  Plaintiffs allege Charles J. Peterson made material representations, but also refer to "the

defendants" collectively as making false representations.  (*See* Doc. 8 at ¶ 22.)

Second, Plaintiffs fail to state what the alleged misrepresentations were, when the

misrepresentations were made, which defendant made what misrepresentations,

what material information was misrepresented, and how Plaintiffs relied on the

misrepresentations to their detriment.  Plaintiffs also refer to unspecified "third

parties" who purportedly relied on Defendants' representations to Plaintiffs'

detriment.  But Plaintiffs do not identify who the third parties are, who made the

misrepresentations, what the misrepresentations were, or how Plaintiffs suffered

damage.

In response to the motion to dismiss, Plaintiffs state Defendants

misrepresented and deceived them when they applied for loan modification.

Plaintiffs also argue they relied on Defendants' misrepresentations at the expense

of pursing "alternative avenues of assistance."  (Doc. 16 at 4.)  First, the Court

does not consider new facts alleged in a plaintiff's response to a motion to dismiss.

*Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197, n.1 (9th Cir.

1998).   But even with the additional clarification, the allegations fall short.

Plaintiffs still fail to specify what statements were objectionable, when they were

made, or by whom.  Because the allegations of fraud fall short of the particularity

required by Rule 9(b), the Court recommends Count II be dismissed.

The Court also finds that Plaintiffs' allegations are not sufficient to state a claim of constructive fraud.  There are conflicting statements in cases in this circuit as to whether 9(b)'s heightened pleading standard applies to claims of constructive fraud.  *Compare Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F.Supp.2d 1009, 1021(N.D. Cal. 2007) ("facts supporting a claim for constructive fraud must be alleged with particularity under Rule 9(b)"), with *1849 Condominiums Assoc., Inc. v. Bruner*, 2010 WL 2557711. *3 (E.D. Cal. 2010) ("courts do not apply [the] heightened pleading standard to constructive fraud claims").   Regardless, the factual allegations of Plaintiffs' complaint are not sufficient to state a plausible claim for relief even without application of 9(b)'s heightened pleading standard.

To establish constructive fraud, a plaintiff must prove all elements of actual fraud except for the speaker's intent that it should be relied upon.  *Hartfield v. Billings*, 805 P.3d 1293, 1296 (Mont. 1990).  In Count VII, Plaintiffs allege "Charles J. Peterson and OneWest Federal Bank FSB committed constructive fraud by, among other things, concealing and misrepresenting material facts regarding the note and trust indenture as alleged herein."  (Doc. 8 at ¶ 27.)  Again, the First Amended Complaint fails to provide any factual basis to support this bare allegation.  The Complaint fails to allege any facts to show what representations were made, what facts were allegedly concealed, when the representations were

11

made, how they were false, or by whom they were said.  Further, Plaintiffs fail to state how the alleged constructive fraud caused injury to them.  As such, the Court recommends Count VII be dismissed.

## C.    Count III—Violation of the FDCPA

CIT argues Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim must be dismissed because it is not a "debt collector" under the statute.  CIT further argues that even if the FDCPA applies, Plaintiffs failed to allege how CIT violated the Act.

To bring a claim under the FDCPA, a plaintiff must establish that "(1) the plaintiff constitutes a consumer; (2) who was the object of a collection activity arising from a debt; (3) the defendant constitutes a debt collector; and (4) the defendant violated a provision of the FDCPA."  *Wittman v. CB1, Inc.*, 2016 WL 3093427, *2 (D. Mont. June 1, 2016).  The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  By the statutory terms, the FDCPA is limited to those collecting the debts "of another" and does not include activities of creditors seeking to collect their own debts.  *See Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1209 (9th Cir. 2013); *see also Maguire v.*

*Citicorp Retail Services, Inc.* 147 F.3d 232, 235 (2d Cir. 1998); *Harrison v. NBD Inc.*, 968 F.Supp. 837, 841 (E.D.N.Y. 1997).

Here, the First Amended Complaint does not contain any allegation that CIT is a debt collector, which is necessary to establish that the FDCPA is applicable.[7] *Schlegel*, 720 F.3d at 1208.  Plaintiffs have also failed to alleged sufficient factual support regarding the alleged violations of the FDCPA.  The First Amended Complaint contains only the conclusory statement: "Defendants actions constitute violations of the [FDCPA], 15 U.S.C. § 1692 et Seq., including without limitation §§ 807, 808 & 809 of said Act."  (Doc. 8 ¶ 23.)  There is no further explanation of CIT's alleged actions, or how the actions violated the Act.  In their responsive brief, Plaintiffs assert for the first time that "Defendants violated the FDCPA when they wrongfully attempted to exercise a power of sale knowing full well that a case was still pending in Park County District Court."  (Doc. 16 at 5.)  Again, Plaintiffs

---

[7] The Court reaches no conclusions regarding CIT's arguments that it is not a debt collector.  CIT's arguments in this regard are affirmative defenses appropriately raised in a responsive pleading, and thus not a proper basis for dismissal of the First Amended Complaint.  An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true."  *Black's Law Dictionary* 482 (Bryan A. Garner ed., 9th ed., West 2009).  The Court cannot appropriately determine fact questions, such as whether Plaintiffs' debt was in default when CIT acquired it, on a motion to dismiss.  Nevertheless, the Court finds Count III should be dismissed because Plaintiff failed to plead a sufficient factual basis from which the Court could draw the inference that CIT is a debt collector.

cannot cure the defects in their complaint by asserting additional facts in their opposition to the motion to dismiss.  *Schneider*, 151 F.3d at 1197, n.1.  As it stands, the First Amended Complaint, which merely alleges CIT took some unspecified actions that violated the FDCPA, is insufficient.

Accordingly, the Court recommends that Count III be dismissed for failure to state a claim.

### D.   Count V—Negligence

CIT argues Plaintiffs failed to allege sufficient facts to establish it owed them a special duty of care with respect to the foreclosure sale or the loan modification.

To plead negligence in Montana, a plaintiff must show "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was the actual and proximate cause of an injury to the plaintiff, and (4) damages resulted."  *Peterson v. Eichhorn*, 189 P.3d 615, 621 (Mont. 2008)).  The question of duty is a question of law.  If a duty does not exist, a plaintiff cannot maintain a negligence action.  *Sikorski v. Johnson*, 143 P.3d 161, 164 (Mont. 2006).

It is not clear from the First Amended Complaint what duty CIT owed to Plaintiffs.[8]  In response to the motion to dismiss, Plaintiffs argue CIT owed them a legal duty with respect to the loan modification.

Generally, the ordinary lending relationship between a bank and its customer is that of a debtor and creditor and "does not give rise to fiduciary responsibilities." *Morrow v. Bank of America, N.A.*, 324 P.3d 1167, 1177 (Mont. 2014).  Further, "a bank has no duty to modify or renegotiate a defaulted loan."  *Id.*  However, if special circumstances exist, where the bank goes beyond the role of lender, and "actively advises customers in the conduct of their affairs, the bank may owe a fiduciary duty."  *Id.*

Here, there are simply no allegations regarding any special relationship between Plaintiffs and CIT.  For example, the First Amended Complaint does not allege any specific advice or representations CIT made to Plaintiffs as to the conduct of their affairs.  As a result, Plaintiffs have failed to state a claim for negligence.  Therefore, the Court recommends Count V be dismissed.

/ / /

/ / /

---

[8] Plaintiffs allege Defendant Peterson owed them a duty to follow the Montana Small Tract Financing Act, and that Defendant Peterson breached that duty in attempting exercise the power of sale.  (Doc. 8 at ¶ 25.)  However, the First Amended Complaint lacks any allegations regarding how CIT would be liable for Defendant Peterson's alleged violation of the Montana Small Tract Financing Act.

15

### E.     Count VI—Violation of the Unfair Trade Practices Act

CIT argues Plaintiffs failed to allege any facts to support their claim under the Montana Unfair Trade Practices and Consumer Protection Act ("MUTPA").

The MUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Mont. Code Ann. § 30-14-103.  The MUTPA applies to lenders.  *Morrow*, 324 P.3d at 1184. An act or practice is "unfair if it 'offends established public policy and . . . is either immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'"  *Id.*  "A consumer may sue under the act if he or she has suffered 'any ascertainable loss of money or property' as the result of an unfair practice."  *Id.*

Here, Plaintiffs allege "Defendants' actions constitute violations of the Montana Unfair Trade Practices Act, Mont. Code Ann. § 31-14-101 [sic] et seq., by employing unfair and deceptive acts and practices in the conduct of trade or commerce."  (Doc. 8 ¶ 26.)  However, Plaintiffs fail to allege how CIT violated the MUTPA, and do not identify any specific acts or practices CIT engaged in. Plaintiffs also fail to allege they lost money or property as a result of CIT's conduct.  Plaintiffs' claim is merely a formulaic recitation of § 31-14-103, which is insufficient.  *Iqbal*, 556 U.S. at 678.

Accordingly, the Court recommends Count VI be dismissed.

16

## F.      Counts VIII and IX—Deceit & Negligent Misrepresentation

CIT argues Plaintiffs have not plead adequate facts to support their claims

for negligent misrepresentation and deceit.   For negligent misrepresentation, a

plaintiff must establish:

> a)  the defendant made a representation as to a past or existing
> material fact;
> b)  the representation must have been untrue;
> c)  regardless of its actual belief, the defendant must have made the
> representations without any reasonable ground for believing it to be
> true;
> d)  the representation must have been made with the intent to induce
> the plaintiff to rely on it;
> e) the plaintiff must have been unaware of the falsity of the
> representation; it must have acted in reliance upon the truth of the
> representation and it must have been justified in relying upon the
> representation;
> f) the plaintiff, as a result of its reliance, must sustain damage.

*Kitchen Krafters, Inc. v. Eastside Bank of Montana*, 789 P.2d 567, 573 (Mont.

1990) (overruled on other grounds).  Negligent misrepresentation has a lesser

standard of proof than fraud.  *Barrett v. Holland & Hart*, 845 P.2d 714, 717 (Mont.

1992).  It requires a showing of a failure to use reasonable care or competence in

communicating or obtaining information, rather than requiring an intent to

misrepresent.  *Id.*

To bring a claim for deceit, Plaintiffs must show CIT "willfully deceive[d]

another with intent to induce that person to alter the person's position to the

person's injury or risk."  Mont. Code Ann. § 27-1-712(1).  Under Montana law

deceit is defined as:

> (a) the suggestion as a fact of that which is not true by one who does not believe it to be true;
> (b) the assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;
> (c) the suppression of a fact by one who is bound to disclose it or who gives information of other facts that are likely to mislead for want of communication of that fact; or
> (d) a promise made without any intention of performing it.

Mont. Code Ann. § 27-1-712(2).

The heightened pleading standard under Rule 9(b) applies to both negligent

misrepresentation and deceit claims because they are essentially grounded in fraud.

*Pfau v. Mortenson*, 858 F.Supp.2d 1150, 1158 (D. Mont. 2012); *Vess v. Ciba-*

*Geigy Corp USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); *Rustad v. Bank of Am.*

*Corp.*, 2017 WL 1424433, *5 (D. Mont. April 20, 2017).

In this case, Plaintiffs' claims of negligent misrepresentation and deceit are

not pled with any particularity.  Plaintiffs do not include any specific or detailed

factual allegations of what misleading representations CIT made, or conduct CIT

engaged in that could give rise to liability.  Plaintiffs also do not allege facts

regarding reliance, intent to induce, or how they were damaged.

Because Plaintiffs failed to allege the "who, what, when, where and how,"

regarding their negligent misrepresentation and deceit claims, the Court

recommends that Counts VIII and IX be dismissed.

### G.    Count X—Declaratory Judgment

CIT argues Plaintiffs have not stated a claim for declaratory judgment,

because the First Amended Complaint does not show the existence of an actual

controversy between Plaintiffs and CIT concerning either their rights or their legal

relationship under the trust indenture.  In their response, Plaintiffs did not oppose

CIT's motion on this ground.

A claim for declaratory relief requires the plaintiff to show an actual case or

controversy exists.  *Principle Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir.

2005).  Declaratory relief is intended to operate prospectively to resolve

uncertainties or disputes, as opposed to redressing past wrongs.  *Bayer v. Neiman

Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017).  Declaratory relief is

unnecessary where an adequate remedy exists under some other cause of action.

*Mangindin v. Washington Mut. Bank*, 637 F.Supp.2d 700, 707-708 (N.D. Cal.

2009).

Here, Plaintiffs have not identified a prospective controversy that exists

separate from Plaintiffs' other causes of action.  In fact, Plaintiffs have not

attempted to specify what issue or claim they wish to have adjudicated under their

request for declaratory judgment.  In Count X, Plaintiffs merely incorporate their

prior claims by reference and conclude that "[a]n actual controversy therefore

exists between the parties as to the status of their rights and legal relations under the trust indenture . . . ."  (Doc. 8 at ¶ 30.)

Therefore, Plaintiffs' claim for declaratory relief is based on the same conclusory allegations and pleading deficiencies as the preceding claims.  The Plaintiffs' have also not identified which of the claims it intends to include in their request for declaratory relief, and have essentially requested an advisory opinion "as to the status of their rights and legal relations."  Therefore, the Court finds Plaintiffs have not adequately plead a declaratory judgment claim against CIT.

Accordingly, the Court recommends that Count X be dismissed.

## H.    Count XI—Injunction

CIT argues Plaintiffs have failed to state any claim that would entitle them to injunctive relief, and that Plaintiffs' request that the Court enjoin the pending foreclosure is moot because the sale has already been enjoined.  In their response, Plaintiffs did not oppose CIT's motion on this ground.

In order to obtain an injunction under Montana law, Plaintiffs must demonstrate the existence of a legitimate cause of action and a likelihood of success on the merits.  *Mack v. Anderson*, 380 P.3d 730, 740 (Mont. 2016); Mont. Code Ann. § 27-19-201.  Because the Court finds Counts I-X should be dismissed, there is no claim upon which injunctive relief can be granted. Additionally, to the extent Plaintiffs are asking the Court to enjoin "the

pending foreclosure," Plaintiffs' request is moot.  (Doc. 6 ¶ 31.)  At this time, there is no pending foreclosure.  After the case was removed, Plaintiffs petitioned the District Court for Park County, Montana for emergency relief in an *ex parte* motion.  (Doc. 12-2 at 1-23.)  The state court granted Plaintiffs' motion and enjoined the sale of the property.  (*Id.* at 24.)

The Court therefore recommends that Plaintiffs' claim for injunctive relief in Count XI be dismissed.

## I.      Leave to Amend

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Plaintiffs have failed to state a claim upon which relief can be granted, and all of their claims are subject to dismissal.  Because it may be possible to cure these defects by alleging additional facts, however, CIT's Motion should be granted without prejudice and with leave to amend.

/ / /

/ / /

21

III.   **CONCLUSION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that CIT's Motion to Dismiss be **GRANTED**, without prejudice and with leave to amend.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 8th day of December, 2017.

TIMOTHY J. CAVAN
United States Magistrate Judge

22