**FILED**

FEB 1 4 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| JAMES L. BARKER, JEANNE A. BARKER, | CV 17-21-BLG-SPW |
|  | CV 17-55-BLG-SPW |
| Plaintiffs, |  |
| vs. | ORDER |
| BANK OF AMERICA, N.A., ONEWEST BANK, CIT BANK, N.A., FIRST AMERICAN TITLE COMPANY OF MONTANA, INC., Trustee, and CHARLES PETERSON, Trustee, |  |
| Defendants. |  |

## I.    Introduction

Defendant CIT Bank N.A.,[1] has moved to dismiss Plaintiffs' First Amended

Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6), for

failure to state a claim upon which relief can be granted.  (Doc. 11).  On December

---

[1] As noted by Judge Cavan, the First Amended Complaint names OneWest Bank
and CIT Bank, N.A., as separate defendants.  They are not separate defendants.  In
August 2015, CIT Bank merged with OneWest Bank, N.A., and was renamed CIT
Bank, N.A.  To avoid confusion, CIT Bank, N.A., and OneWest Bank will be
collectively referred to as "CIT."  (Doc. 24 at 1).

1

8, 2017, Magistrate Judge Timothy Cavan issued his Findings and Recommendations recommending that this Court grant Defendants' Motion to Dismiss without prejudice and with leave to amend. (Doc. 24).

When a party timely objects to any portion of the magistrate judge's Findings and Recommendations, the district court must conduct a de novo review of the portions of the Findings and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1). The district court is not required to review the factual and legal conclusions of the magistrate judge to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Plaintiffs and CIT filed timely objections to Judge Cavan's Findings and Recommendations. (Docs. 28, 29). After independently reviewing and considering the objections, this Court adopts Judge Cavan's findings and recommendations, as set forth below.

## II.  Relevant Background

Neither party objects to the factual history contained in the Background section of Judge Cavan's Findings and Recommendations, accordingly, his Background section is adopted in full.

## III.  Applicable Law

### A.  Legal Standard

A defendant may move under F.R.Civ.P 12(b)(6) to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

For purposes of ruling on a Rule 12(b)(6) motion, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  A court is not required to "assume the

truth of legal conclusions merely because they are cast in the form of factual allegations," however. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). A court may also reject factual allegations contradicted by judicially noticed material. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citation omitted). Finally, "'a plaintiff may plead [him]self out of court' " if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

## IV. Discussion

### A. Plaintiffs' objections

Although Plaintiffs filed a document purportedly containing objections, it does not contain specific objections. (Doc. 29 at 1). Rather than cite any specific findings of fact or conclusions of law that Plaintiffs believe Judge Cavan made in error, Plaintiffs simply reiterate arguments in their brief and assert that the pleadings are sufficient to withstand a motion to dismiss. (*See gen.* Doc. 29).

Objections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate its case. *See Camardo v. General Motors Hourly–Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992). This is why Rule 72(b)(2) Fed. R .Civ. P. requires an objecting party to file "specific written objections" and Rule 72(b)(3) only requires the district judge to

4

review decisions of the magistrate judge that have been "properly objected to." Congress created the magistrate judge position to provide district judges with "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas v. Am*, 474 U.S. 140, 153, 106 (1985) (internal quotations omitted). Since there is no net efficiency in referring the matter to a magistrate judge if this court must still review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate, this Court follows other courts that have overruled general objections without analysis. *See Sullivan v. Schiro*, 2006 WL 1516005, *1 (D. Ariz. 2006) (collecting cases).

The absence of proper objections, however, does not relieve the Court of its duty to review de novo Magistrate Judge Cavan's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996). Here, Magistrate Judge Cavan correctly applied the legal standard for a motion to dismiss. No cognizable legal theory exists for Plaintiffs' Counts I and IV, so they are properly subject to dismissal. *Zixiang Li v. Kerry*, 210 F.3d 995, 999 (9th Cir. 2013). With respect to Plaintiffs remaining claims, they failed to plead necessary facts to support their legal theories. Their fraud claim cannot exist without pleading specifically what misrepresentations were made that were fraudulent.

Their FDCPA claim cannot exist since Plaintiffs failed to allege CIT is a debt collector. Their negligence claim cannot exist without the existence of a special relationship. Their Unfair Trade Practices Act claim fails to allege any specific unfair act. Similarly, in their deceit and misrepresentation claims, they fail to allege what the deceit or misrepresentations were, or how they were damaged by them. Finally, Plaintiffs fail to identify on which claims they want declaratory relief. Plaintiffs' failure to plead any particularity in their First Amended Complaint properly subjects it to dismissal. *Zixiang Li*, 710 F.3d at 1000.

## B.    CIT's objections

CIT objects to Judge Cavan's determination that the First Amended Complaint should be dismissed without prejudice. CIT argues that none of Plaintiffs claims may be rescued by further amendment so should be dismissed with prejudice. (Doc. 28 at 4). CIT also argues that this Court should dissolve the existing Temporary Restraining Order in this matter because Plaintiffs cannot meet the necessary factors required for the TRO under the law. (*Id.* at 9).

### 1.    Dismissal without Prejudice

Generally speaking, dismissals under F.R. Civ. P. 12(b)(6) "should ordinarily be without prejudice." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). This is in part due to the fact that a "Rule 12(b)(6) dismissal with prejudice operates as an adjudication on the merits of the claims under Fed. R.

Civ. P 41(b)", thus barring further litigation of the matter. *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1113 (9th Cir. 2003). However, dismissal with prejudice is appropriate if "it is clear ... that the complaint could not be saved by amendment", *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), or if "the court determine[s] that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

Here, the Court agrees with Judge Cavan that Plaintiffs may be able to state additional facts to bring cognizable claims with respect to certain counts. Certain counts however, like I and IV, Wrongful Exercise of Power of Sale and Attempted Wrongful Exercise of Power of Sale & Additional Acts of Wrong Exercise of Power of Sale, are not cognizable claims no matter how many additional facts are alleged. These claims must be dismissed with prejudice.

### 2.    The Temporary Restraining Order

Because some of Plaintiffs' claims are dismissed without prejudice, this Court declines to dissolve the existing TRO.

## V.    Conclusion

For the reasons set forth above, IT IS ORDERED that United States Magistrate Judge Cavan's proposed Findings and Recommendations (Doc. 24) are ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that Defendant CIT's Motion to Dismiss Plaintiffs' First Amended Complaint is GRANTED, and that Plaintiffs' Counts I and IV are DISMISSED WITH PREJUDICE and Plaintiffs' Counts II, III, V-X are DISMISSED WITHOUT PREJUDICE.

The Clerk is ORDERED to enter judgment and close this case.

DATED this 14 day of February 2018.

SUSAN P. WATTERS
United States District Judge